**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilda Jatto, | No. CV-21-00604-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Hilda Jatto applied for Social Security Disability Insurance benefits in May 2017 and Supplemental Security Income a month later. (AR 190-98.) After state agency denials, she appeared before an Administrative Law Judge ("ALJ") on October 28, 2019. (AR 32.) The ALJ rejected both applications on November 15, 2019 (AR 14-26), and that decision became the final decision of the Commissioner of Social Security Administration ("Commissioner") when the Appeals Council declined to review it (AR 1-4). Plaintiff filed a complaint with this Court on April 8, 2021, seeking review of the denial of benefits. (Doc. 1.) The Court vacates the decision of the ALJ and remands.

**I. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II. Analysis**

The sole issue on review is whether the ALJ erred by constructing an RFC without

relying on any medical opinion testimony. In determining the RFC, the ALJ must consider "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). "The ALJ may not 'substitute [his] own judgment for competent medical opinion,' and [he] 'must not succumb to the temptation to play doctor and make [his] own independent medical findings.'" *Watkins v. Comm'r of Soc. Sec. Admin.*, No. CV-16-00168-PHX-DLR, 2017 WL 1191093, at *3 (D. Ariz. Mar. 31, 2017) (quoting *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. June 13, 2006)).

Here, the ALJ afforded no evidentiary weight to the four medical experts because they gave opinions based on an incomplete medical record, which was ultimately presented in its entirety at the hearing. (AR 24.) When the ALJ found that the four medical opinions were deficient because the physicians made them without the complete record, that "trigger[ed his] duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 30 F.3d 1273, 1288 (9th Cir. 1996)). "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.*

But the ALJ did not discharge his duty. Instead, without any guiding medical opinion, he reviewed the medical evidence himself (including radiology reports, physical examinations, an electromyography report, and surgical procedures) and translated the evidence into functional terms to construct the RFC. (AR 23.) This was error. *See Hartley v. Colvin*, CV-14-02421-TUC-RM-LAB, 2015 WL 9997207, at *7 (D. Ariz. Apr. 24, 2015) ("The ALJ is not a medical expert. [He] ordinarily must rely on the reports of the medical experts . . . in order to reach a conclusion as to what level of work the claimant can perform.").

The Commissioner argues that the ALJ did not need to rely on medical opinions to interpret the medical evidence and therefore did not need to develop the record. Not so. A layperson reviewing the medical records relied upon by the ALJ could not determine Plaintiff's limitations. As such, the ALJ needed the assistance of medical opinions to

interpret the medical records and should have developed the record to obtain opinions that had some evidentiary value. *See id.*

The Commissioner, citing *Lamas v. Saul*, No. 1:19-CV-00852-BAM, 2020 WL 6561306, at *10 (E.D. Cal. Nov. 9, 2020), also argues that even if the ALJ erred, any error was harmless because he found more stringent limitations than those determined in the four medical opinions and still found that Plaintiff could work. But the *Lamas* rule doesn't apply here. In *Lamas*, there was no dispute over whether the medical opinions were based on the full record. But here, the Court cannot determine whether the ALJ's RFC is in fact more stringent than the medical opinions based on the full record because no such opinion was presented. Thus, the Court cannot say whether the error is harmless.

### III. Conclusion

The ALJ rejected all medical opinions in the record because they weren't made in consideration of the full record. He then made independent medical findings and relied upon them to construct the RFC. On remand, the ALJ is instructed to develop the record, hold a de novo hearing, and conduct a new sequential analysis, articulating for each medical opinion the reasons that the ALJ finds it persuasive or unpersuasive according to the regulations.

**IT IS ORDERED** that the decision of the ALJ is **VACATED** and **REMANDED** for proceedings consistent with this order.

Dated this 21st day of September, 2022.

Douglas L. Rayes
United States District Judge