**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilda Jatto,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-21-00604-PHX-DLR<br><br>**ORDER** |

On September 21, 2022, the Court reversed the Social Security Administration's non-disability decision and remanded this matter for further proceedings. (Docs. 20, 21.) On remand, the Administration ruled in Plaintiff's favor, awarding $78,667.00 in past-due benefits. (Doc. 25-3.) Plaintiff entered into a contingent-fee agreement under which she agreed to pay her attorney 25% of any past-due benefits awarded. (Doc. 25-2.) Counsel recovered $7,200.00 for administrative-hearing-level representation and now moves, pursuant to 42 U.S.C. § 406(b), for an award of $12,466.75 in fees, which, together with the $7,200.00 previously awarded for administrative-hearing-level representation, equals 25% of Plaintiff's past-due benefits. (Doc. 25-1.)

Whenever the Court enters a judgment favorable to a disability benefits claimant, the Court can award reasonable attorney fees in an amount not to exceed 25% of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for

successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Thus, when determining whether a contingency fee request is reasonable, the Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir.2009) (en banc) (internal quotations omitted). The Court starts with the contingent-fee agreement and then tests the resulting award for reasonableness, adjusting downward "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1149-51. When assessing whether the requested fee would result in a windfall, the Court considers whether the benefits were proportionate to the time spent on the case and may, if necessary, use the lodestar calculation as a non-dispositive aid. *Id.* at 1151.

Counsel's contingent-fee request is not greater than 25% of past-due benefits, there is no evidence of substandard performance or delay, and neither the Government nor Plaintiff have raised any objections to the reasonableness of the request. (*See* Doc. 26.) Accordingly,

**IT IS ORDERED** that Plaintiff's counsel's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 25) is **GRANTED**. Counsel's fees are approved in the amount of **$12,466.75**, payable from Plaintiff's past-due benefits in accordance with Administration policy. Plaintiff shall be refunded the attorney fees previously awarded to counsel under the Equal Access to Justice Act. (*See* Doc. 24.)

Dated this 11th day of February, 2025.

Douglas L. Rayes
Senior United States District Judge